UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERENA NEIGHBORS,

    Plaintiff,

    v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

No. C 08-5530 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Before the court is a motion to dismiss filed by defendant American Mortgage Network, Inc. ("American") and a separate motion to dismiss filed by defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing Corporation ("Select") (collectively "defendants"). Plaintiff Serena Neighbors ("plaintiff") did not oppose the motions. Because the court finds that oral argument is unnecessary and would not be helpful, the hearing date of January 28, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). For the reasons that follow, the court GRANTS the motions to dismiss.

**BACKGROUND**

This action arises out of an attempted foreclosure sale of real property purchased by plaintiff. Plaintiff is a resident of Contra Costa County, California and the owner of real property located at 457 First Street Brentwood, California 94513 (the "property"). Compl. ¶¶ 1-2. Defendant MERS is the beneficiary regarding the property. Id. ¶ 16; MERS, NDSC and Select's ("Defs.") Request for Judicial Notice ("RJN"), Exh. 1. MERS is an electronic registration and tracking system that was formed to track both beneficial ownership interests in, and servicing rights to, mortgage loans as they change hands through the life

of a loan. Defendant American is in the business of providing funding for mortgage loans, and in that capacity, funded plaintiff's mortgage loan. Defs.' RJN, Exh. 1.

On or about May 11, 2005, plaintiff financed the acquisition of her home through American. Compl. ¶ 11. The loan was secured by a Deed of Trust against the property. Defs.' RJN, Exh. 1. American, upon funding of the loan, caused MERS, to be placed on the title of the property as the "Nominee Beneficiary" for American under the Deed of Trust. Id. The Deed of Trust was recorded by First American Title Insurance Company ("First American") on May 17, 2005. Id. On December 2, 2005, plaintiff executed a grant deed conveying the property to Serenity Housing, LLC, which was recorded on December 14, 2007. Defs.' RJN, Exh. 5.

Plaintiff subsequently defaulted on the payments due on the loan. Compl. ¶¶ 19-24. On October 10, 2007, a non-judicial foreclosure was initiated when a Notice of Default and Election to Sell Under Deed of Trust was recorded. Defs.' RJN, Exh. 2. Defendant NDSC was substituted as the new Trustee under the Deed of Trust in place of First American, Compl. ¶ 18, which was recorded on January 23, 2008. Defs.' RJN, Exh. 3. On January 21, 2008, NDSC caused a Notice of Trustee's Sale to be recorded, setting the sale for February 21, 2008. Defs.' RJN, Exh. 4. The property, apparently, was never sold.

On April 21, 2008, plaintiff initiated a bankruptcy action by filing a Chapter 13 petition. Def.'s RJN, Exh. 4. The bankruptcy court converted plaintiff's Chapter 13 bankruptcy to a Chapter 7 bankruptcy on May 19, 2008. Id. On August 15, 2008, plaintiff commenced the instant action in state court in *pro se*, alleging eleven claims for relief, as follows: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1611 *et seq.* ("TILA"); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); (3) violation of the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1602 *et seq.* ("HOEPA") ; (4) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); (5) breach of fiduciary duty; (6) breach of the covenant of good faith and fair dealing; (7) injunctive relief; (8) injunctive relief; (9) fraud; (10) declaratory relief; and (11) fraud. The bankruptcy action was closed on August 25, 2008 following an order discharging plaintiff from bankruptcy on August 20, 2008. American's ("Def.'s") RJN,

Exh. 4.  On December 9, 2008, the action was removed on the basis of federal question jurisdiction.  MERS, National and Select filed a motion to dismiss on December 18, 2008.  On December 23, 2008, American also filed a motion to dismiss.  No oppositions were filed.

**DISCUSSION**

While defendants caption their motions as motions for dismissal for failure to state a claim for relief under Rule 12(b)(6), American raised the issue of whether plaintiff has standing to prosecute the claims alleged in the complaint as the real party in interest.  A motion to dismiss under Rule 12(b)(6) is not used to challenge whether the plaintiff is a real party in interest.  A challenge to a party's status is brought as an objection under Rule 17(a)(3).  Because subject-matter jurisdiction depends on the resolution of whether plaintiff is a real party in interest, American's motion will also be considered as a motion to dismiss pursuant to Rule  Rule 12(b)(1) for lack of subject matter jurisdiction.  Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-94 (9th Cir. 2004).

A.      Legal Standards

    1.      Rule 12(b)(1)

Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(b)(1).  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. General Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979).  When considering a Rule 12(b)(1) motion challenging the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  Id.  The district court is not restricted to the complaint and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment."  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged under Fed.R.Civ.P. 12(b)(1).  See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and

1  distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not
2  do so, the court, on having the defect called to its attention or on discovering the same,
3  must dismiss the case, unless the defect be corrected by amendment." Id. (quoting Smith
4  v. McCullough, 270 U.S. 456, 459 (1926)).

   2. Rule 12(b)(6)

In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). In order to survive a dismissal motion, however, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Twombly, 127 S.Ct. at 1974. A district court may consider materials in a 12(b)(6) motion to dismiss that are not part of the pleadings but that are matters of public record of which the court may take judicial notice pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

   3. Judicial Notice

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed.R.Evid. 201(d).

Defendants request that this court take judicial notice of the following documents: (1) Deed of Trust, dated May 13, 2005 and recorded on May 17, 2005 in the Official Records of Contra Costa County, California as Instrument No. 2005-0175579-00; (2) Notice of Default and Election to Sell Under Deed of Trust, recorded on October 10, 2007 in the

1 | Official Records of Contra Costa County, California as Instrument No. 2007-0283254-00;
2 | (3) Substitution of Trustee, dated November 21, 2007 and recorded on January 23, 2008
3 | in the Official Records of Contra Costa County, California as Instrument No. 2008-
4 | 0013688-00; (5) Grant Deed, dated December 12, 2005 and recorded on December 14,
5 | 2005 in the Official Records of Contra Costa County, California as Instrument No. 2005-
6 | 0480270-00; and (6) Chapter 13 Voluntary Bankruptcy Petition filed by plaintiff on April 21,
7 | 2008 in the United States Bankruptcy Court, Northern District of California, Bankruptcy
8 | Petition No. 08-41910 and PACER Docket Report for 08-41910.

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of these documents as they are matters of public record. See Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

B.   Legal Analysis

American argues that plaintiff's complaint must be dismissed in its entirety because plaintiff lacks standing to prosecute her claims, since she is not the real party in interest. In addition, MERS, National and Select, having been apprised of plaintiff's bankruptcy by American's motion to dismiss, argue, in their reply brief, that the complaint must be dismissed because plaintiff is judicially estopped from prosecuting claims she failed to disclose in the bankruptcy proceedings. Because the court finds that the former ground could be cured by amendment to the complaint, and because the latter ground is dispositive, the court need only address the issue of judicial estoppel.

The court finds that MERS, National and Select are correct with regard to the applicability of judicial estoppel. Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later taking to their benefit a clearly inconsistent position. See Rissetto v. Plumbers & Steamfitters Local 343,

5

94 F.3d 597, 600-01 (9th Cir. 1996). This court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990).

A court "may" consider three factors in deciding whether to exercise its discretion in applying the doctrine of judicial estoppel in a particular case. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2001). "First, a party's later position must be 'clearly inconsistent' with its earlier position." Hamilton, 270 F.3d at 782. Second, the party must have "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.' " Id. Third, the court must determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 783.

The Ninth Circuit has applied judicial estoppel in the bankruptcy context, to prevent plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings. See Hamilton, 270 F.3d at 784 ("[t]his court has held that a debtor who failed to disclose a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged was estopped from pursuing such claim in a subsequent proceeding"); see also Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) (holding that the failure to give notice of a potential cause of action in bankruptcy schedules and Disclosure Statements estops the debtor from prosecuting that cause of action).

Here, the record pertaining to the bankruptcy action reveals that plaintiff failed to disclose the instant claims against defendants as assets in the bankruptcy proceedings, despite having knowledge of all the facts underlying the claims before filing for bankruptcy. Def.'s RJN, EXH. 4. Plaintiff has thus clearly taken inconsistent positions because she

failed to list her claims against defendants as assets in the bankruptcy proceedings as she was required to do under 11 U.S.C. § 521(1),[1] and then later sued defendants on the same claims. The absence of these claims as assets was instrumental to the bankruptcy court's decision to issue a report of no asset case. See Def.'s RJN, Exh. 4. Thus, plaintiff's failure to disclose the instant claims as assets, ultimately worked to plaintiff's advantage in the bankruptcy proceedings. See id. (order granting discharge of debtor). Now, however, plaintiff wishes to take an inconsistent position, by asserting claims that should have been disclosed, and were required to be disclosed, to obtain monetary and declaratory benefits. Accordingly, plaintiff is judicially estopped from proceeding on her claims against defendants.

## CONCLUSION

For the reasons stated above, the court GRANTS the motions to dismiss. The Clerk of Court is directed to close this file.

**IT IS SO ORDERED.**

Dated: January 27, 2009

PHYLLIS J. HAMILTON
United States District Judge

---

[1] 11 U.S.C. § 521(1) provides that, "[t]he debtor shall file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."